UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL R. COLEY, ) | CASE NO. 1:14 CV 482 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY COUNCIL, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

**I. Introduction**

Plaintiff *pro se* Michael R. Coley brings this action under 42 U.S.C. § 1983, with pendent state law claims, against the following Defendants: Cuyahoga County Council, Cuyahoga County Executive Ed Fitzgerald, Cuyahoga County Special Assistant James Boyle, Cuyahoga County Health and Human Services Director Rick Werner, former Acting Director of the Cuyahoga County Office of Child Support Services James Gaunter, Cuyahoga County Director of Child Support Services Debra Watkins, Cuyahoga County Deputy Director of Child Support Services Tony Sharaba, Cuyahoga County Child Support Enforcement Officer Audra Hayes-Mitchell, and John and/or Jane Does I-V. Before the Court is Defendants' Motion to Dismiss (Doc #: 5), filed April 30, 2014, to which Plaintiff has provided no response.

Plaintiff alleges in the Complaint as follows. He was a child support obligor pursuant to a 2002 order of the Cuyahoga County Court of Common Pleas, Domestic Relations Division.

The Cuyahoga County Office of Child Support Services (CSS) did not have accurate information in its records concerning Plaintiff's employer, resulting in an Income Withholding Order being sent to an entity which did not employ Plaintiff.  This occurred despite accurate employment information Plaintiff had supplied when the support order originally issued.  When Plaintiff sought to find out what CSS records reflected concerning the identity of his employer, Defendant Boyle and others instructed him to make a public records request.  Plaintiff was referred by Defendant Watkins to Assistant Cuyahoga County Prosecutor Francis Cook.  Assistant Prosecutor Cook made veiled comments concerning Plaintiff's mental state, and was otherwise rude to Plaintiff, implying Plaintiff might be homeless.

Plaintiff asserts Defendants, either directly or through their policies, violated Ohio statutory and regulatory provisions concerning the maintenance and privacy of child support enforcement records, and that he was unlawfully denied access to the records.  He asserts claims for:  1) "Intentional, Malicious and Wanton Reckless Indifference to Plaintiff's Private Information," and, 2) "Obstruction and Retaliation."

## II.  Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.*  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard is

not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

### III.  Law and Discussion

While Plaintiff mentions the First and Fourteenth Amendment, he does not identify any particular federally protected right Defendants are claimed to have violated.  Instead, he provides a factual narrative, and asserts the Defendants violated Ohio statutes and regulations.  Plaintiff's failure to identify what constitutional rights he believes were violated places an unfair burden on Defendants to speculate on the potential claims he may be raising against them and the defenses they might assert in response.  *See, Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Principles requiring generous construction of *pro se* pleadings are not without limits.  *Id.*; *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them.  *Beaudett*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.* at 1278.

Even liberally construed, the Complaint simply does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  Moreover, because

there are no valid federal causes of action set forth, the interest of judicial economy and just adjudication are best served by dismissal of any state law claims Plaintiff may have based on the facts alleged.[1] *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

**IV. Conclusion**

Accordingly, Defendants' Motion to Dismiss is **granted**, and this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 9/8/14

---

[1] The court expresses no opinion concerning the validity of any state law causes of action.